IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDREA GOOD,

      Plaintiff,

v.                                                                      No. CIV 08-59 LFG/LAM

BIJAN KHOSROWSHAHI,
individually and in his capacity as
President of Fuji Fire and Marine
Insurance Company Ltd.; DAVID
BUNTING, individually and in his
capacity as attorney for the Rodey Law
Firm; RODEY LAW FIRM; HAKODATE
CITY HALL; TOYOMI TAKIMOTO,
individually and in his capacity as attorney
for the Asahi Koma Law Firm; KENJI
INOUE, individually and in his capacity
as attorney for the Asahi Koma Law Firm,
ASAHI KOMA LAW FIRM; NORIO
SUGAWARA, individually and in his
capacity as attorney for Fuji Fire and Marine
Insurance Company Ltd.; HAKODATE BAR
ASSOCIATION (HAKODATE BENGOSHI
KAI),

      Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION TO DISMISS

### Introduction

THIS MATTER is before the Court on Defendants David Bunting ("Bunting") and the Rodey Law Firm's ("Rodey") Motion to Dismiss. [Doc. 7.] On February 6, 2008, Plaintiff Andrea Good filed a response. [Doc. 15.] On February 19, 2008, Defendants filed a reply, and briefing was

1

complete on the motion. [Doc. Nos. 25, 26.] Notwithstanding the completion of briefing, Good filed a "surreply" on March 3, 2008, that she characterized as a "reply brief." [Doc. 37.] Although the rules do not contemplate the filing of a surreply without the Court's permission, the Court reviewed all of the pleadings, including Good's March 3, 2008 "reply brief." The Court determines that oral argument is not necessary, and that Defendants' Motion to Dismiss will be granted.

**Background**

Good and her spouse were involved in an automobile collision that occurred near Sapporo, Japan. The allegedly culpable driver is Takaya Hanata who was insured by Fuji Fire and Marine Insurance Company, Ltd. After Good's efforts to resolve damage claims failed, litigation ensued in Japan. While damages were awarded to Good, she was displeased with the amount awarded and appealed to the Sapporo High Court.

On October 6, 2006, Good filed an earlier lawsuit in the United States District Court for the District of New Mexico alleging fraud, negligence, gross negligence and malicious unlawful prosecution in relation to injuries she allegedly sustained as a result of the automobile accident and its resolution. [Good v. Fuji Fire and Marine, et al., No. CIV 06-962 BB/ACT, Doc. 1.] Good not only sued the allegedly culpable driver, but also his insurance company and his insurance company's attorneys, various Japanese governmental entities, including the Japanese Ministries of Justice, Finance and Transportation, and the Japanese Association of Assessing Insured Automobile Injuries. [No. CIV 06-962, Doc. 1.] She did not sue Bunting or Rodey in that earlier lawsuit.

The various Defendants, in that case, filed motions to dismiss challenging the New Mexico Court's jurisdiction. Fuji Fire and Marine Insurance Company ("Fuji Fire")'s Motion to Dismiss alleged, among other things, lack of diversity of citizenship. Fuji Fire referred to statements in

2

Plaintiff's complaint indicating that Plaintiff owned a home and business in Japan, and had been involved, for at least a period of 33 months in Japan, in attempting to resolve the dispute. Fuji Fire argued that Good was a Japanese resident, and not a resident of New Mexico.

In response to Fuji Fire's motion, Good challenged the citizenship assertions, and submitted various unredacted exhibits in support of her contention that she was a resident of New Mexico. The unredacted exhibits included her recently acquired New Mexico driver's license showing her personal address, date of birth, photograph, driver's license number, gender, height, weight, eye color, any driving restrictions, endorsements, signature, and expiration date.

In addition, Good submitted an unredacted voter registration card again showing her address, signature, date of issuance, political party affiliation, and gender. The voter registration card also identified her congressional district, U.S. senatorial district, school district, state representative district, state house district, city election district, and polling place. These unredacted documents were filed electronically and thus, appear on the Court's Pacer system and are available to the public. [No. CIV 06-962, Doc. 6, exhibits.]

Fuji Fire challenged Good's claim that she resided in New Mexico and noted that she was staying at her mother's residence in Santa Fe, had just recently obtained a New Mexico driver's license, and obtained a voter's registration card after the lawsuit was filed. [No. CIV 06-962, Doc. 9.]

To support Defendant's claim that Good resided in Japan, it obtained a certified copy of a Japanese "koseki." A koseki is a Japanese family registry. Similar to the American vital records system, Japan law requires Japanese households to report births, deaths, adoptions, marriages and divorces to a local authority that records the information in the koseki. Indeed, certain actions, i.e.,

3

marriages and adoptions are not final until recorded in the koseki. http://wikipedia.org/wiki/Koseki. Defendant obtained a certified copy of a koseki filed by Good's husband indicating that they had married in August 1991. In addition to the koseki indicating that Good was married to a Japanese citizen, Defendant obtained Good's alien registration card which listed Good's home address in Hakodate, Japan.

Finally, Fuji Fire also submitted a Japanese newspaper article on "dream homes" which featured Good and her husband and the design and construction of their home in Hakodate, Japan. Good is quoted as saying that she decided to live in Hakodate, Japan in 1991 when she and her husband purchased property. [No. CIV 06-962, Doc. 9, exhibits.]

Fuji Fire submitted these documents as attachments to its reply brief. Upon the filing of these documents, Good objected claiming that Defendant and its attorney had obtained these Japanese documents under false pretenses and illegally and unethically filed these documents with the Court. She further claimed that filing these documents was in contravention of "legal ethics and the [C]ourt's [P]rivacy [P]olicy which requires such documents to be sealed or redacted." Based on Good's complaints that her privacy was being violated, Defendant had the attachments to its reply brief sealed.

Good filed a pleading in which she "demand[ed] that Defendants' attorneys explain at once, who, under what authority, and with what reason, obtained access to these private documents." [Doc. 12, p. 3.] She claimed to be prejudiced as a result of Defendants' abuse of her privacy and subsequently filed a Motion in Limine asking the Court to redact all these documents.

Prior to acting on Good's requests or reaching the merits of her claims, the Court granted a motion to dismiss filed by two Defendants (Fuji Fire and an automobile association) for lack of

personal jurisdiction. Good appealed that decision. [Doc. Nos. 24, 25.] Subsequently, the Court granted additional motions to dismiss filed by other Defendants, either for lack of personal jurisdiction or subject matter jurisdiction. Good appealed those rulings as well. [Doc. Nos. 25, 65.] Both appeals are pending before the Tenth Circuit.

## Present Lawsuit

Good's present lawsuit involves claims that her privacy was violated by Defendants' acquisition, handling and filing of her alien registration card and koseki. In this lawsuit, she sues the various attorneys who represented Fuji Fire in the earlier lawsuit, including local counsel, Bunting and the Rodey Law Firm. She also sues Hakodate City Hall, the repository of the alien registration and koseki, and various Japanese citizens, as well as the Hakodate Bar Association.

Defendants' present motion seeks dismissal of the claims against Bunting and Rodey on two separate grounds: (1) failure to state a claim under Fed. R. Civ. P. 12(b)(6); and (2) *res judicata*.[1] For the reasons hereafter stated, the Court grants Defendants' motion.

## Failure to State a Claim

Good's claims do not state a cause of action under the federal rules. Good's claim against attorneys Bunting and Rodey is grounded in negligence. However, New Mexico law, Garcia v. Rodey, Dickason, Sloan, Akin & Robb, 106 N.M. 757, 761, 750 P.2d 118 (1988), simply does not allow this kind of a lawsuit. A party's lawyer owes no duty of care to their client's adversary. Id.

---

[1] The Court declines to determine this motion on grounds of *res judicata* or claim preclusion because a dismissal for lack of jurisdiction typically does not have *res judicata* effect on a subsequent action. In the earlier lawsuit, there was no final adjudication on the merits. Instead, the first federal lawsuit ended in a dismissal of the action for lack of jurisdiction. Jurisdictional dismissals are not "on the merits." Park Lake Resources L.L.C. v. United States Dep't of Agr., 378 F.3d 1132, 1136 (10th Cir. 2004). Generally, under claim preclusion, "a final judgment on the merits of an action" is required before "preclud[ing] the parties or their privies from relitigating issues that were or could have been raised in that action." Id. (internal citations omitted).

Good concedes that attorneys owe no duty of care towards their clients' adversaries, [Doc. 15, p. 7,] but argues that opposing counsel is under an oath to maintain ethical standards of conduct.

While Defendants must maintain ethical standards of conduct, Good fails to allege how Defendants breached any code of ethics in their investigation, acquisition or utilization of documents which tended to refute Good's claim of New Mexico residency. Her conclusory allegations that Bunting or Rodey harassed her or drained her financial resources, or that they exercised excessive zeal in representing their client do not state a claim for relief under Rule 12(b)(6).

### A.      **Civil Rights Claim**

Plaintiff also argues that her civil rights have been violated but she fails to acknowledge that the rights outlined in the United States Constitution place limitations on governmental actions or governmental actors. Defendant Bunting and Rodey are private actors.

Civil Rights claims brought under 42 U.S.C. § 1983 require two integral components: (1) violation of a constitutional or federally protected right that is (2) caused by a person acting color of state law. Lindsey v. Thomson, 2007 WL 2693970 at *2 (10th Cir. Sept. 10, 2007) (*citing* Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989) (internal citations omitted)). In this case Good failed to identify what constitutional right was at issue. Even if the Court were to infer that a right of privacy is within the penumbra of the First Amendment, she would still have to show that the right was violated by Bunting and Rodey acting under color of state law. *See, e.g.,* Fullman v. Graddick, 739 F.2d 553, 564-65 (11th Cir. 1984) (affirming dismissal of claim because bank was private actor and did not act under color of state law for purposes of claim that bank violated privacy rights by releasing copies of the plaintiff's banking records). The Defendants here are not "state actors."

There simply is no evidence that Bunting or Rodey took any action while acting under "color of state law" in reference to these documents. Thus, the federal civil rights claims must fail.

**B.     Privacy Policy Claim**

The gravamen of Good's claim is that the filing of the unredacted documents in the court record constitutes a violation of the Court's privacy policy. The privacy policy in place at the time of the prior lawsuit, entitled "notice of electronic availability of case file information" provides in relevant part:

> You should not include sensitive information in any document filed with the Court unless such inclusion is necessary and relevant to the case. You must remember that any personal information not otherwise protected will be made available over the Internet via [Pacer]. If sensitive information must be included, certain personal data identifiers must be partially redacted from the pleading, whether it is filed traditionally or electronically:
>
> . . .
>
> (b) names of minor children. If the involvement of a minor child must be mentioned, only the initials of that child should be used.
>
> (c) dates of birth. If an individual's date of birth must be included in a document, only the year should be used.

First, while Good contends that the posting of information from the family registration form or the koseki violated this policy, she fails to note that she, herself, already provided information including her date of birth and other sensitive information as part of the attachments to her own pleading. Second, there is no private cause of action authorized by the Court's privacy policy.

The federal court's privacy policy was promulgated in response to the E-Government Act of 2002, and it adopted the September 2001 recommendations of the United States Judicial Con-ference. *See* Report of the Judicial Conference Committee on Court Administration and Case Management

on Privacy and Public Access to Electronic Case Files ("the Judicial Conference Policy on Privacy") http://www.privacy.uscourts.gov/policy.htm. Of particular note, the conference stated "[n]othing in [its] recommendations [was] intended to create a private right of action." *See id.* ("general principles"). Thus, the judicial conference itself noted that a violation of the privacy policy did not create a private cause of action.

Moreover, while the substance of the privacy policy is now part of the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 5.2, it is clear that non-compliance with a federal rule cannot create a private cause of action. Digene Corp. v. Ventana Med. Systems, Inc., 476 F. Supp. 2d 444, 451-52 (D. Del. 2007). It follows that if Good does not have a cause of action under the federal rules, she would not have a cause of action under the District's local rules. *See* LR-Civ 1.4 ("These rules should be construed consistently with the federal rules of civil procedure.")

The Court concludes that Good may not base her claim on the language of the privacy policy. There is no private cause of action under the policy, and moreover, her allegations fail to state a claim for relief.

**C.   Common Law Claim**

The Court liberally construes a *pro se* complaint. Northington v. Jackson, 973 F.2d 1518, 1521 (10th Cir. 1992). Thus, Good's complaint might be read to assert a common law claim of privacy. The common law tort of privacy "involves a publication of true but intimate or private facts about the plaintiff, such as matters concerning the plaintiff's sexual life or health." Schuler v. McGraw-Hill Companies, Inc., 989 F. Supp. 1377, 1390 (D.N.M. 1997), *aff'd* 145 F.3d 1346 (10th Cir.), *cert. denied*, 525 U.S. 1020 (1998).

In comparing the disclosed information to the requirements of this cause of action, there is no disclosure of "intimate or private" information. Nothing in the attachments relate to Good's "sexual life or health." *See id.* Information showing her residence address in Japan, the fact of her marriage to a Japanese citizen or other information that was relevant to domicile, is neither "highly offensive," nor is it the kind of "intimate factual information" that the common law seeks to protect.

Virtually all of the information contained in the alien registration card has already been publicly disclosed by Good. For example, she was interviewed and openly discussed the fact that she was married, had purchased property, and that she and her husband were designing their dream house in Japan. They filed for public record a declaration of their marriage, and listed their residential address in Japan. Good disclosed her driver's license information, gender, date of birth, whether she was an organ donor, whether she had driving restrictions, her political affiliation, her voting precincts and much more information in her attachments than that which was disclosed in Defendants' exhibits.

Also true is the fact that this information had legal efficacy. Defendants used the information from governmental records to challenge allegations of Good's residency, which was a legal issue in dispute. Thus, in order to determine issues relating to the Court's diversity jurisdiction, relevant information on this issue had to be presented to the Court. Moreover, the publication of such information to the Court typically does not violate the right to privacy. *See* Hubbard v. Journal Publishing Co., 69 N.M. 473, 474, 368 P.2d 147, 148 (1962). ("The right to privacy is not invaded by any publication made in a court of justice.")

Under provisions of New Mexico law, it is clear that the documents submitted in this litigation had a bearing on Good's earlier lawsuit and the question of her residency. In addition, even if Defendants had asserted "defamatory" matter regarding Good, in New Mexico, "an attorney at law

9

is absolutely privileged to publish defamatory matter concerning another in communications . . . during the course and as part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceedings." Restatement (Second) of Torts, § 586 (1977). *See* Romero v. Prince, 85 N.M. 474, 476, 513 P.2d 717 (Ct. App. 1973).

The Court concludes that the publication of this information is not actionable in New Mexico. For all of the above-stated reasons, the Court determines that Defendants' motion to dismiss is well taken and that Good's claims against Bunting and the Rodey Law Firm should be and are dismissed, without prejudice.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge