IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDREA GOOD,

    Plaintiff,

v.                                                              No. CIV 08-59 LFG/LAM

DAVID BUNTING, individually and in his
capacity as attorney for the Rodey Law
Firm; RODEY LAW FIRM, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendants David Bunting and Rodey Law Firm's ("Bunting" and "Rodey") Motion to Amend [Doc. 41] Memorandum Opinion and Order and Final Judgment. On March 17, 2008, Plaintiff Andrea Good ("Good") file a response in opposition to the motion to amend. [Doc. 47.] There is no need for a reply, and this matter is ready for resolution.

On March 4, 2008, the Court entered a Memorandum Opinion and Order granting Bunting and Rodey's Motion to Dismiss for Failure to State a Claim. [Doc. 39.] In the Order and accompanying Judgment, the Court dismissed Good's claims against Defendant Bunting and Rodey, without prejudice. Bunting and Rodey now ask the Court to amend the Order and Final Judgment [Doc. Nos. 39, 40] to reflect that Plaintiff's claims against them were dismissed, with prejudice.

On March 5, 2008, Bunting and Rodey filed the present motion to amend [Doc. 41]. Later that same day, Good filed a Notice of Appeal. [Doc. 43.] Good argues that because the matter is

1

now before the Tenth Circuit Court of Appeals, this Court no longer has jurisdiction to grant Defendants' request.

The Court concludes otherwise. Notwithstanding Good's notice of appeal, this Court retains jurisdiction because Bunting and Rodey timely filed the motion to amend under Fed. R. Civ. P. 59(e).[1] A timely filed Rule 59(e) motion suspends the notice of appeal until the Rule 59 motion is decided, "whereupon, the previously filed notice [of appeal] effectively places jurisdiction in the court of appeals." Warren v. American Bankers Ins. of Florida, 507 F.3d 1239, 1245 (10th Cir. 2007) (internal citation omitted). "This makes perfect sense because the purpose of Rule 59 is to provide the district court an opportunity to correct its own errors, which in turn spares the parties and the court of appeals the burden of unnecessary appellate proceedings." Id. (internal citation omitted).

In reviewing the pleadings and pertinent law, the Court determines that it inadvertently dismissed Good's claims against Bunting and Rodey without prejudice, when those claims should have been dismissed with prejudice. Although a court generally should allow a party the opportunity to amend her claims prior to a dismissal with prejudice, there is no need to do so when amendment would be futile. *See* Sheldon v. Vermonty, 269 F.3d 1202, 1207 n.5 (10th Cir. 2001) (no showing that the plaintiff could have stated viable claims had amendment been permitted). Good made no showing that she could have stated viable claims against Bunting and Rodey had she been allowed to amend her complaint, nor did she make that argument. Moreover, where a Court dismisses a party's causes of action under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, as was true here,

---

[1] Had Bunting and Rodey brought the motion only under Fed. R. Civ. P. 60(a), the Court would have needed to request leave from the appellate court before correcting a mistake in the judgment or order since Good already filed a Notice of Appeal. However, Bunting and Rodey brought their motion in accordance with both Rules 59(e) and Rule 60(a).

such dismissal fully disposes of the case and the matter must be dismissed with prejudice. *See* Id., 269 F.3d at 1207 (internal citation omitted).

For the reasons stated above, the Court grants Defendants' motion to amend and will file an amended Memorandum Opinion and Final Judgment reflecting that Good's claims against Bunting and Rodey are dismissed with prejudice.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge